The City of Birmingham and other defendants argue in their application for rehearing that none of the defendant property owners, with the exception of the City of Birmingham and the Water Works Board of the City of Birmingham, owns property in Shelby County subject to the City of Birmingham's proposed annexation. The defendants assert that, after the City of Birmingham began its annexation proceedings, United States Pipe and Foundry Company and Emory Realty Company sold their property, which was included in the proposed annexation, to the City of Birmingham. At least a 40-acre tract of this property was located in Shelby County. The defendants also assert that neither A.M. Harper, Glen Ireland III, Child Mental Health Services, Inc., nor United States Steel Corporation owns property located in Shelby County that is subject to the City of Birmingham's proposed annexation.
Venue is determined at the time the suit is filed. Ex parteHawkins, 497 So.2d 825 (Ala. 1986). However, if a defendant whose presence made venue proper as to the entire action at the time of the commencement of the action is subsequently dismissed from the action, the action may be transferred to a proper forum. Rule 82(d)(2), A.R.Civ.P.
Based upon the facts stated in the original complaint in this case, venue was proper in Shelby County with respect to United States Pipe and Foundry Company and Emory Realty Company at the time Shelby County filed its suit, because those two companies owned property in Shelby County *Page 528 
that was subject to Birmingham's annexation. There is no evidence presented in the application for rehearing to show that United States Pipe and Foundry and Emory Realty sold their property to the City of Birmingham, nor is there any evidence that these parties have been dismissed from the lawsuit. Thus, even if Harper, Ireland, Child Mental Health Services, and United States Steel Corporation do not own property in Shelby County that is subject to the City of Birmingham's proposed annexation, venue is still proper in Shelby County based upon venue with respect to United States Pipe and Foundry and Emory Realty.
OPINION EXTENDED; APPLICATION OVERRULED.
TORBERT, C.J., and JONES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX and ADAMS, JJ., dissent.